# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BOOHER, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-1239-WTL-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Ryan Booher for a writ of habeas corpus challenges a Fayette County Jail disciplinary proceeding conducted in October of 2013. The respondent has filed a motion to dismiss alleging that the deprivation of earned credit time that Mr. Booher wants restored was applied to a sentence that has already expired and, therefore, nothing this Court does could have any impact on the sentence. Mr. Booher has not responded to the motion to dismiss. For the reasons set forth below, the respondent's unopposed motion to dismiss [dkt. 7] is **granted** and this action is dismissed.

Mr. Booher is currently serving a 3-year sentence for possession of chemical reagents or precursors. The effective date of that sentence was June 18, 2014, and his projected release date is December 17, 2015.

On October 31, 2013, while in the custody of the Fayette County Sheriff's Department, Mr. Booher was found guilty of Fayette County Sheriff's Department disciplinary offenses 103 (rioting), 203 (refusing to submit to testing), 213 (threatening), 215 (unauthorized possession of property), 231 (intoxicants), 235 (fleeing/resisting), 348 (insolent/vulgar/profane behavior), and 364 (interfering with staff). His sanctions included 450 days earned credit time deprivation. Mr.

Booher filed his petition for writ of habeas corpus challenging the disciplinary convictions on July 24, 2014.

The 450-day sanction would have been applied to the sentence Mr. Booher was serving at the time of the October 31, 2013, disciplinary convictions. At the time of the disciplinary convictions, Mr. Booher was serving a one-year sentence for theft, receiving stolen property. The effective date of the sentence was September 20, 2013, and the maximum release date was one year later, September 19, 2014. The apparent discrepancy between the 450-day sanction and Mr. Booher's one-year sentence is due to his serving two sentences consecutively. In addition, the Indiana Department of Correction limits deprivation of earned credit time to six months for serious offenses, and a maximum of twelve months for egregious offenses. This means that Mr. Booher could have been deprived of no more than 365 days of earned credit time while serving his sentence. Mr. Booher's disciplinary convictions would have deprived him of all possible credit time on the sentence for theft, receiving stolen property, however, his maximum sentence expired September 19, 2014.

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. If a sanction does not potentially lengthen a prisoner's custody, then that sanction cannot be challenged in an action for habeas corpus relief. *Cochran,* 381 F.3d at 639.

When the time for imposing the earned credit time sanction expired on September 19, 2014, "[a]ll risk of [Mr. Booher's] serving additional time as a result of the disciplinary board's action has now evaporated." *Id.* at 640. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because Mr. Booher is not "in custody" based on the sanctions imposed in the challenged disciplinary hearing, the habeas action is moot,

and an action which is moot must be dismissed for lack of jurisdiction. *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998); *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996). The respondent's motion to dismiss petition as moot [dkt. 7] is **granted.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 11/04/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ryan Booher
DOC # 243011
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel